UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION

KENTUCKY LABORERS DISTRICT COUNCIL )
HEALTH AND WELFARE FUND, KENTUCKY )
LABORERS' DISTRICT COUNCIL TRAINING FUND )
and LABORERS NATIONAL PENSION FUND )
)
                      Plaintiffs, )
)
V. )    CASE NO.  5:12CV-184-R
)
MARK SMITH MASONRY, INC. )
)
                      Defendant. )

## **COMPLAINT**

Plaintiffs, Kentucky Laborers District Council Health and Welfare Fund, Kentucky Laborers District Council Training Fund and Laborers National Pension Fund, for their Complaint against the Defendant, Mark Smith Masonry, Inc., state the following facts:

1. This is an action brought pursuant to Section 301 of the Labor Management Relations Act of 1947, 29 U.S.C. §185, and also Section 502 of the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. §1132, to compel Defendant to comply with the aforesaid Acts and the payments required under its Collective Bargaining Agreement.

2. Pursuant to said Acts, this Court has jurisdiction over the subject matter of this action and the parties hereto without regard to the amount in controversy or the citizenship of the parties.

3. Plaintiff, Kentucky Laborers District Council Health and Welfare Fund, hereinafter called the "Welfare Plan", is a multi-employer employee benefit plan established and existing under the laws of the United States, and subject to the Employee Retirement Income Security Act of 1974 and may sue and be sued in its own name. It provides health,

1

welfare and other benefits for employees of employers who contribute into said Plan pursuant to the requirements contained in the aforesaid agreements between such employer and the Union and conducts business in the Commonwealth of Kentucky.

     4.     Plaintiff, Trustees of said Welfare Plan, are the Trustees of the Welfare Plan and have ultimate responsibility and control over the administration of the Welfare Plan.

     5.     Plaintiff, Kentucky Laborers' Training Fund, hereinafter called the "Training Fund", is a multi-employer employee benefit plan established and existing under the laws of the United States, and subject to the Employee Retirement Income Security Act of 1974 and may sue and be sued in its own name. It provides necessary funds for the training of apprentices and laborers in the trade of laborers.

     6.     Plaintiff, Trustees of the Training Fund, are the Trustees of the Training fund and have ultimate responsibility and control over the administration of the Training Fund.

     7.     Plaintiff, Trustees of the Laborers National Pension Fund, hereinafter called the "Pension Fund", is a multi-employer employee benefit plan established and existing under the laws of the United States, and subject to the Employee Retirement Income Security Act of 1974 and may sue and be sued in its own name. It provides retirement benefits for the employees of the employers who contribute into said Fund pursuant to the requirements contained in the aforesaid agreements between such employer and the Union.

     8.     Plaintiff, Trustees of the Laborers National Pension Fund, are the Trustees of the Pension Fund and have ultimate responsibility and control over the administration of the Pension Fund.

     9.     The Defendant, Mark Smith Masonry, Inc., is a corporation, which at all times material herein was engaged in contracting business in the Commonwealth of Kentucky and performed work within the area of Paducah, Kentucky division.

10. The breaches of the aforesaid contract and Plans occurred within the area where the Funds and the Plans operate, and therefore venue is properly layed in this District and Division by virtue of 29 U.S.C. §1132(e)(2).

11. The purpose of this action is to protect the interest of the employees for who said benefits were established.

12. The Defendant has previously contracted and agreed to be bound by and become a party to an agreement obligating the Defendant to make contributions to the respective Funds.

13. By virtue of said agreement, the Defendant agreed to make all payments called for Health and Welfare benefits therein, including payments for pension and training.

14. Beginning in February, 2012, and continuing through the present, the exact date of which is not known by the Plaintiffs, but is known to the Defendant, the Defendant worked jobs in the Commonwealth of Kentucky, governed by the aforesaid Agreements.

15. By the terms of said Agreements, Defendant agreed to make contributions and payments on behalf of the employees of the Defendant covered by the Trust Agreements in amounts and manners as set out in said agreements.

16. Defendant breached said Agreements in that they failed to make the necessary deductions and payments called for and set out in the aforesaid Agreements, to the Plaintiffs.

17. In order to compel Defendant to comply with the aforesaid acts, the terms and provisions of the aforesaid Funds, and the aforesaid agreements, Plaintiffs employed Berger and Berger, LLP as attorneys to bring this suit; said attorneys have performed services and incurred expenses in so doing and will be required to perform further services and incur further expenses in prosecuting this action to judgment. ERISA specifically authorizes the recovery of costs and attorney fees. 29 U.S.C. §1132(g)(2).

18. Said breaches of contract by the Defendant has caused Plaintiffs, and the employees on whose behalf Plaintiffs bring this action, substantial damages, including attorney fees, and is continuing and will cause substantial damages to them in the future.

**WHEREFORE**, the Plaintiffs, Kentucky Laborers District Council Health and Welfare Fund, Kentucky Laborers District Council Training Fund and Laborers National Pension Fund, request that they be awarded whatever damages, including attorney fees, which will compensate them for the Defendant's breaches of contract, that the Defendant be ordered to comply with said contracts and pay the amounts provided for in said contracts to Plaintiffs, and all other proper remedies, legal and equitable, plus interest and costs.

s/Charles L. Berger
CHARLES L. BERGER
A Member of the Firm of
BERGER AND BERGER
4424 Vogel Road, Suite 405
Evansville, Indiana  47715
Telephone:   (812) 425-8101
Attorney No. 2698-82

Attorneys for Plaintiffs